## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **I.M. WILSON, INC.,**<br>**241 King Manor Dr.**<br>**King Of Prussia, PA 19406.** | |
| **Plaintiff,** | **CIVIL ACTION NO. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **OBCHTCHESTVO S OGRANITCHENNOY**<br>**OTVETSTVENNOSTYOU "GRICHKO"**<br>**36, ul. Pyatnitskaya,**<br>**Moscow, RU-119017** | |
| **and** | |
| **Grishko Dance S.R.O.**<br>**Mikulandská 122/4**<br>**Praha 1 - Nové Mesto, Hlavní**<br>**Mesto Praha 11000**<br>**Czech Republic** | |
| **and** | |
| **Nicolai Grishko**<br>**36, ul. Pyatnitskaya,**<br>**Moscow, RU-119017** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff I.M. Wilson, Inc. ("IMW"), for its complaint against Defendant Obchtchestvo s ogranitchennoy otvetstvennostyou "Grichko" ("OOO Grichko"), Grishko Dance S.R.O. ("Grishko Dance") and Nicolai Grishko, alleges as follows.

## NATURE OF THE ACTION

1.      This arises out of Defendants' unauthorized sale and offer for sale in the United States of goods bearing IMW's GRISHKO® trademarks.  Despite IMW's ownership of multiple United States trademark registrations for GRISHKO® for a variety of dancewear products and

services – with such ownership rights dating to the early 1990s – Defendants have sold and continue to sell GRISHKO® branded ballet shoes and pointe shoes in the United States, both directly via the Internet and through distributors in Canada.

2.      This conduct constitutes blatant trademark infringement, false designation of origin and unfair competition, which OOO Grichko has refused to cease despite multiple warnings from IMW.  It also effectively constitutes counterfeiting, and violates Pennsylvania law.  IMW therefore seeks permanent injunctive relief barring further sales, together with monetary and other relief.

## PARTIES

3.      Plaintiff I.M. Wilson, Inc. ("IMW") is a Pennsylvania corporation, having a principal business address at 241 King Manor Drive, Suite D, King of Prussia, Pennsylvania 19406.  IMW is a seller of a variety of dancewear products, particularly ballet shoes and pointe shoes.

4.      Defendant Obchtchestvo s ogranitchennoy otvetstvennostyou "Grichko" ("OOO Grichko") is a Russian limited liability company, having a principal business address at 36, oul. Pyatnitskaya RU-119017, Moscow, Russian Federation.  OOO Grichko is a manufacturer and seller of dancewear products, including ballet shoes and pointe shoes.

5.      Defendant Grishko Dance S.R.O. ("Grishko Dance") is a limited liability company organized under the laws of the Czech Republic with an address at Mikulandská 122/4, Praha 1 - Nové Mesto, Hlavní, Mesto Praha 11000 in the Czech Republic.  Grishko Dance is a supplier of GRISHKO-branded dancewear, including to the United States.

6.      Defendant Nicolai Grishko (also sometimes spelled "Nicolay," "Nikolay," "Nikolai" and "Grichko") is a natural person with a business address of 36, ul. Pyatnitskaya, Moscow, RU-119017.  Nicolai Grishko is the principal owner and operator of OOO Grichko and

2

Grishko Dance, and Mr. Grishko was and remains an active participant in the infringement described herein, including all of the specific activities of Defendants described below.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the federal trademark infringement, unfair competition, and false designation of origin claims set forth herein pursuant to 15 U.S.C. § 1121 (the Federal Trademark Act of 1946) and 28 U.S.C. §§ 1331 and 1338 (federal question), and 28 U.S.C. §§ 1331, 1338.  This Court also may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.      This Court may exercise personal jurisdiction over Defendants based upon their activities within the Commonwealth of Pennsylvania, which include but are not limited to contracting with IMW, a Pennsylvania-based corporation, and sales of GRISHKO®-branded goods to Pennsylvania by OOO Grichko and Grishko Dance, with the direct personal involvement and instigation of Nicolai Grishko, both to IMW and others within this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1931, because Defendants' wrongful conduct occurred in (among other places) the Eastern District of Pennsylvania; and Plaintiff may be found in and conduct business in this district.

## FACTS

### A.      IMW's GRISHKO® MARKS AND PRODUCTS

10.     In or about 1990, IMW introduced the GRISHKO® brand of ballet shoes and pointe shoes in the United States.  Over the next 28 years to the present, IMW has continuously sold its ballet shoes and pointe shoes, as well as various other dancewear products, under the GRISHKO® name and brand throughout the United States.  An example of pointe shoes is shown below:



11.     IMW sells its GRISHKO® dancewear products through multiple venues and trade channels, including via the Internet through various online retailers, as well as through retail brick-and-mortar stores across the country, and through its flagship GRISHKO® store in New York. IMW also advertises online through http://www.grishko.com/, which domain name is owned and operated exclusively by IMW.

12.     Over the course of these 28 years, IMW's GRISHKO® brand has become well-known in the dancewear industry, and synonymous with high quality.  Through IMW's investments, marketing efforts and hard work, the GRISHKO® name achieved a high degree of name recognition throughout the country and beyond.  And, as the original and exclusive seller of GRISHKO® products in the United States, consumers have come to identify IMW as the exclusive source of GRISHKO® products.  The GRISHKO® mark and name represents valuable goodwill to IMW.

4

13.     To protect its valuable rights in the GRISHKO name and brand, IMW has obtained and is the owner of numerous federal trademark registrations (collectively, "IMW's GRISHKO® Marks"):

**Grishko**

- Reg. No. 3,915,946 - , filed February 4, 2010, registered February 8, 2011 for "ballet slippers; dance shoes; dance tights; dance leotards; dance dresses; tops; bottoms; sweaters" in Class 25 (use since as early as May 19, 1990); and "retail store services featuring clothing and footwear" in Class 35 (use since as early as September 1, 2009);

- Incontestable Reg. No. 3,568,809 - GRISHKO, filed March 30, 2007, registered February 3, 2009 for "ballet slippers; dance shoes; dance tights; dance leotards; and dance dresses" in Class 25 (use since as early as May 19, 1990);

- Reg. No. 3,915,733 - GRISHKO, filed December 4, 2009, registered February 8, 2011 for "retail store services featuring clothing and footwear" in Class 35 (use since as early as September 1, 2009);

- Reg. No. 3,915,742 - GRISHKO, filed December 9, 2009, registered February 8, 2011 for "tops; bottoms; sweaters" in Class 25 (use since as early as 1996);

- Reg. No. 4,303,495 - GRISHKO, filed February 9, 2011, registered March 19, 2013 for "note pads; paper stationery; pens; pencils; stickers" in Class 16 (use since as early as January 2001);

- Reg. No. 4,303,496 - GRISHKO, filed February 9, 2011, registered March 19, 2013 for "change purses; reusable shopping bags; general purpose bags for holding dance equipment" in Class 18 (use since as early as January 1, 2001); and

- Reg. No. 4,746,900 - 2007 GRISHKO, filed September 9, 2014, registered June 2, 2015 for "footwear" in Class 25 (use since as early as 2000).

True and correct copies of the U.S. Patent and Trademark Office's TSDR reports for the foregoing registrations, as well as copies of the registration certificates, are attached hereto as **Exhibit A**.

**B.   IMW's OWNERSHIP OF THE GRISHKO® MARK AND DEVELOPMENT OF THE GRISHKO® BRAND IN THE UNITED STATES**

14.   In the late 1980s, the owner of IMW, Irene M. Wilson, a former ballet dancer with degrees in Russian and Communications, collaborated with Nicolai Grishko, a former diplomat of the then-Soviet Union, whereby Ms. Wilson proposed to introduce dance shoes designed and manufactured by Mr. Grishko into the United States market.  Ms. Wilson formed IMW, and proposed that the shoes would be sold in the United States under a brand name corresponding to Mr. Grishko's surname, GRISHKO.  Ultimately Mr. Grishko agreed with this proposal, and IMW focused on developing the brand and marketing plans while Mr. Grishko, through his company Grishko Inc., developed the shoes themselves.

15.   IMW then set about introducing GRISHKO-branded shoes in the United States, starting in 1990.  As IMW was commencing its efforts to penetrate the United States market, IMW, to ensure a steady supply of shoes, entered into an agreement with Grishko, Inc. dated March 1, 1992 whereby Grishko Inc. agreed to sell GRISHKO products exclusively to IMW in the United States, subject to an exclusive license.

16.   Within a few months thereafter, IMW and Grishko Inc. agreed that, rather than operating under a license, IMW should be the owner of the GRISHKO brand in the United States, in consideration for IMW's ongoing efforts to invest in and develop the US market for the shoes

manufactured by Grishko Inc.  This ownership is memorialized in an agreement dated August 5, 1992, stating:

> I agree that I.M. Wilson, Inc. is the owner of the Trademark, GRISHKO and its goodwill in the United States of America.  I further consent to the use of my name in that trademark.

A correct copy of this agreement, signed by Nicolai Grishko on behalf of Grishko Inc., is attached as **Exhibit B**.  As a result of the August 5, 1992 agreement, IMW became the sole and exclusive owner of the GRISHKO mark in the United States.

17.    Once it was established that IMW owned all rights in the GRISHKO mark in the United States and all associated goodwill, IMW focused its efforts on achieving brand recognition in the United States.  IMW handled all marketing and advertising in the United States, and invested heavily to obtain market recognition, distributor and retailer interest, and end user consumers.

18.    In addition, in 1993, Mr. Grishko further amplified his agreement, stating that in addition to IMW's ownership of the GRISHKO mark, IMW could apply for and obtain federal trademark registrations for that mark.  Specifically, in a letter to IMW dated March 30, 1993, Mr. Grishko wrote:

> In addition to the consent to I.M. Wilson, Inc. that I previously granted on August 5, 1992, I hereby grant I.[M.] Wilson, Inc. the right to register the trademark GRISHKO in the U.S. Patent and Trademark Office.

A correct copy of this March 30, 1993 agreement, signed by Nicolai Grishko, is attached as **Exhibit C**.

19.    IMW did, in fact, apply for and obtain a federal trademark registration for GRISHKO for "dancing shoes" on November 30, 1993, U.S. Reg. No. 1,807,637. This registration became incontestable, but was inadvertently allowed to lapse in 2004, due to failure to file the

required affidavit of continued use. That registration subsequently was replaced with the new registrations identified in Paragraph 11 above, one of which is now incontestable.

20.     In the years following, IMW paid for various sponsorships of events and for numerous advertisements in various periodicals and magazines in the United States for GRISHKO® products, as well as various other promotional materials. IMW consistently participated in numerous trade shows, established and cultivated a reliable distributor network.

21.     In addition IMW, through a corporate affiliate, opened its flagship GRISHKO® store in New York City, for fittings and sales of GRISHKO® products. An image of the storefront of the flagship GRISHKO® store is below.



22.     As the Internet developed as a marketplace, IMW established a firm online presence. IMW developed a website for the brand and, as owner and operator of the www.grishko.com website, is responsible for developing all content. In addition, IMW supplied

8

its GRISHKO® products to numerous online retailers and distributors for sale to end user consumers.

23.     IMW continued to source its product over the years from Grishko Inc., which subsequently renamed and/or reincorporated as OOO Grichko, a Defendant herein.  As product arrived from OOO Grishko's factory in Russia, IMW inserted the product in boxes specifying IMW as the product source, as well as providing care instructions to maintain the quality of the products which expressly referred consumers to IMW's www.grishko.com website.

24.     In addition, the plastic packaging for GRISHKO dance shoes refers consumers to IMW's website, grishko.com.  On occasions in which the product shipped from OOO Grichko did not include plastic packaging that specified IMW or www.grishko.com as its source, IMW substituted its own bags prior to sale.  A correct image of an example of same is shown below.



25.     As a result, and as the sole United States source of such products, purchasers understood IMW to be the source of such goods. IMW also continually serviced all customer inquiries, as well as inquiries from retailers and distributors. Any product defects or similar concerns were relayed to and handled by IMW, and IMW honored warranties and returns of GRISHKO® branded products.

26.     In the meantime, OOO Grichko expanded its own operations, selling GRISHKO products elsewhere in the world through various third parties, and acquiring territorial rights in the GRISHKO mark in certain countries outside the United States. In the course of these sales, IMW became aware within the last several years of efforts by OOO Grichko to attempt to "recapture" ownership of the GRISHKO name in various countries.

27.     More recently, OOO Grichko and its owner, Nicolai Grishko, began to complain to IMW about IMW's U.S. ownership of the GRISHKO® mark and expressed a desire to reclaim the mark – despite (a) Mr. Grishko's written agreement to IMW's ownership, (b) IMW's incontestable federal registration, (c) IMW's exclusive use and sales of GRISHKO® products in the United States for over 20 years, and (d) IMW's extensive financial investment in developing the recognition and goodwill in the GRISHKO® mark over a 20+ year period, understanding that the investment's payoff inured solely to IMW's benefit by reason of IMW's ownership of the GRISHKO® marks.

## C.     DEFENDANTS' PRIOR ATTEMPTS TO INTERFERE WITH IMW'S TRADEMARK RIGHTS

28.     Defendants' initial (and failed) attempts to co-opt the goodwill of the GRISHKO® mark recognized that exclusive ownership resided with IMW, resulting in an effort by Defendants to develop a similar alternative brand that consumers would associate with the GRISHKO® mark. In this regard, OOO Grichko's first major attempt to co-opt the goodwill of the GRISHKO® mark

in the United States took place in 2011 in connection with its proposed introduction of a "new"

brand of shoes in the United States, through a new distributor, bearing the following mark:



The GSK lettering was conspicuously designed to look highly similar to

IMW's registered ~~Grichko~~ logo.  OOO Grichko placed advertisements in various dance

publications and on-line, claiming that "GSK" was equivalent to GRISHKO®.  Several of those

advertisements also attempted to divert IMW's customers away from IMW's www.grishko.com

web site by asking the public instead to visit OOO Grichko's own web site, www.grishko.ru.

Examples are attached as **Exhibit D**.  Following IMW's objection, and after a brief legal dispute,

OOO Grichko discontinued its efforts to introduce the "GSK" brand.

29.     In 2015-2016, OOO Grichko again sought to siphon off IMW's GRISHKO®

customer base by posting videos on-line and arranging for vendors' web sites to suggest that OOO

Grichko's "1737"-branded products were equivalent to GRISHKO® products.  Examples are

attached as **Exhibit E.**  OOO further sought to conflate the two brands by selling 1737

DREAMPOINTE shoes in the USA, after having sold the same shoes under the GRISHKO

DREAMPOINTE brand both inside and outside the USA.

30.     OOO Grichko later escalated its dispute in other respects, including by initiating

proceedings in the United States Patent and Trademark Office (PTO), attempting to cancel various

of IMW's GRISHKO® registrations.  To date, none of those efforts have been successful.

11

31.    In addition, without notice to IMW, OOO Grichko sought to register various trademarks consisting of GRISHKO or other formatives of an IMW registration in the PTO.  For example, in one application filed with the PTO on April 4, 2017 (Ser. No. 79210133), OOO Grichko sought to apply the following mark:



To avoid detection by the PTO, OOO Grichko used a description that bore no facial resemblance to the dancewear it purports to sell – in this instance, describing its goods and services as "Commercial or industrial management assistance; marketing research."  A true and correct copy of the U.S. Patent and Trademark Office's TSDR report for application Ser. No. 79210133 is attached as **Exhibit F**.  To date, the PTO has not granted registration of any of these new OOO Grichko applications (which IMW has opposed).

32.    Although problematic, and emblematic of OOO Grichko's and Mr. Grichko's desire and intent to siphon IMW's goodwill in the GRISHKO® mark for itself, these prior failed efforts at least reflected these Defendants' understanding that they could not use the GRISHKO® mark itself in United States commerce.  That, however, has now changed, giving rise to this action.

**D.    DEFENDANTS' CURRENT INFRINGING CONDUCT**

33.    In 2015 or 2016, IMW became aware of a website with the domain name https://grishkoshop.com/, which advertised what appeared to be genuine GRISHKO® products. Registrant information for the domain name is masked through a Russian privacy protection service. Although it was unclear whether sales to the United States were available through that website, IMW inquired to OOO Grichko and Nicolai Grishko whether they were affiliated with

the website.  Mr. Grishko and OOO Grichko denied any affiliation, and IMW deferred action as a result with respect to the website, believing it did not sell to the United States.

34.     IMW later became aware, through customer inquiries, that at least some shoes had been received by United States consumers through the https://grishkoshop.com/, though they appeared to be sporadic.  It was unclear at that time whether those sales were inadvertent, and whether and to what extent Defendants were involved.  But because the shoes sold were the same as those manufactured by OOO Grichko, IMW advised OOO Grichko of this fact, and demanded in writing in June 2016 that OOO Grichko cease selling through that website.  OOO Grichko did not respond, and never acknowledged any affiliation with the site.

35.     In 2016, OOO Grichko, terminated the original March 1, 1992 agreement effective March 2017, though IMW continued (and continues to this day) to source products from OOO Grichko. The termination of the March 1, 1992 agreement did not impact IMW's ownership of the GRISHKO® marks or registrations, or right of exclusive use of such marks in the United States.

36.     IMW continued to receive sporadic complaints from United States consumers in 2017 and early 2018 about defects, delays and unfulfilled orders of GRISHKO® products purchased online through grishkoshop.com.  Such consumers believed IMW was the source of the unauthorized GRISHKO® products sold through the grishkoshop.com website.  IMW repeated its demand that OOO Grichko cease permitting its products to be sold online to the United States through this website.  OOO Grichko did not respond or comply.

37.     As of early to mid-2018, it was understood by IMW that sales through the grishkoshop.com website remained sporadic due to the low priority achieved by that website on search engines and the primitive nature of the website.  Defendants' affiliation with that website remained unacknowledged.  However, within the last few months, and particularly in or about

early October 2018, Defendants have significantly upgraded the site and paid for priority search engine placement, identified Grishko Dance as the seller, squarely targeted the United States, and made expressly clear the affiliation and sponsorship of that website by OOO Grichko.

38.    As a result of these recent changes and upgrades, when a consumer searches the term "Grishko" on the Google website, the grishkoshop.com website is the first listing – followed by Discount Dance Supply (which carries GRISHKO product supplied by IMW) and grishkoshop.com.   This was never previously the case.   An image of those search results, as it appeared on October 16, 2018, is below:



A subsequent search on December 3, 2018 yielded the same results.

39.     In addition, whereas the prior version of the www.grishkoshop.com website was silent and somewhat clandestine as to whether products were available for shipment to the United States, the new version of the website now expressly targets the United States.  The homepage of the website states "Worldwide Delivery" at the top, and when the consumer first accesses the home page, it must first select a country from a pop-up box.  That box states:  "Please Choose Your Country," and "USA" is the only visible country showing on the drop-down menu.  In addition, a prominent "USA" box appears in the upper-left corner of the website, and prices are now listed in U.S. Dollars.  An image of that home page, as it appeared on October 16, 2018, is below:



40.     Particularly after the website redesign in late 2018, it is apparent that all Defendants are involved in the infringing conduct.  In the "Contact" section of the grishkoshop.com website, Defendant Grishko Dance is identified.  In addition, in the "Partners" section of the website, the website states:  "If you are interested in a large amount of Grishko products: for your shop, the ballet company or dance school, please, feel free to visit website http://grishko-world.com/ or contact our sales department: export@grishko.ru (worldwide)."  This is an email address for OOO

Grichko, and the referenced domain name (grishko-world.com) is operated by OOO Grichko.  In addition, OOO Grichko's grishko.ru website resolves to grishko-world.com in the United States.

41.     In addition, an "E-Shop" tab was added to the www.grishko-world.com website operated by OOO Grichko, which – when "clicked" – resolves to the www.grishkoshop.com website.  This tab is shown below:



OOO Grichko's grishko.ru website similarly defaults to grishko-world.  Both OOO Grichko and Grishko Dance are principally owned and operated by Nicolai Grishko, and on information and belief, Mr. Grishko actively participates in their operation and the resulting infringement.

42.     The infringing GRISHKO® products available for sale through grishkoshop.com, and through grishko-world.com, are sold by Defendants at a price that is below market, and is deliberately calculated by Defendants to undercut IMW and usurp IMW's sales.

43.     IMW also began to receive, with increased frequency in mid to late 2018, complaints by IMW's United States retailers that GRISHKO® products are available via grishkoshop.com at a price below that which they are able to effectively compete.  With the upgrade and United States focus of the grishkoshop.com website, those complaints have increased.

44.     This conduct is, on information and belief, is part of a scheme Defendants to disrupt IMW's customer relationships, and cause them to source their goods from Defendants rather than IMW.  It is further, on information and belief, part of a scheme by Defendants to disrupt IMW's sales to such an extent that IMW's business is no longer  financially viable, enabling Defendants to step in as the new exclusive source of GRISHKO products in the United States.

45.     IMW has also recently learned that when United States dancewear retailers inquire with Defendants about buying GRISHKO products, Defendants do not give the US retailers the contact information for IMW, the sole owner of US rights in GRISHKO®.  Instead, Defendants send the US retailers contact information for OOO Grichko's "Canadian office" so that it, instead of IMW, can supply the US retailers with GRISHKO® products.  Further, on information and belief, OOO Grichko and Mr. Grishko operate or control distribution of GRISHKO® products in Canada and have undertaken a scheme to infiltrate the United States market, and undercut IMW, by secretly selling to the United States through Canada.

46.     Defendants' conduct has been undertaken in an intentional effort to infringe IMW's rights in the GRISHKO® trademark, and to thereby usurp IMW's valuable goodwill in that brand in an unlawful effort to seize the United States market from IMW and thereby "recapture" the GRISHKO® name and mark.

47.     All conditions precedent to bringing this action have been satisfied.

**COUNT I**
**Federal Trademark Infringement Under Section 32(1) of the Lanham Act**

48.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully restated herein.

49.     Defendants' activities constitute infringement of IMW's federally registered marks in violation of §32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Defendants' unauthorized use of

IMW's GRISHKO® Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Defendants and/or their products and IMW and/or its products and services.

50.     Due to IMW's longstanding and continuous use of its federally registered marks, consumers and the public understand these marks to identify IMW as the exclusive source of the goods and services identified by those marks.

51.     Defendants used and are using IMW's federally registered marks, to cause consumers to believe that Defendants are affiliated with or connected with GRISHKO® and/or that its products emanate from or are otherwise sponsored by IMW.

52.     Defendants acted in knowing disregard of IMW's federally registered GRISHKO® marks. At minimum, Defendants acted in willful blindness and in reckless disregard of such marks.

53.     As a result of Defendants' willful and wrongful conduct, IMW has suffered and continues to suffer substantial loss.  IMW is therefore entitled to recover damages, including any and all profits obtained by Defendants as a result of its infringement of IMW's rights.

54.     Defendants' willful acts alleged herein have irreparably injured IMW's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined. IMW has no adequate remedy at law.  Therefore, IMW is entitled to injunctive relief.

55.     As a result of Defendants' intentional misconduct, this action should be deemed an exceptional case such that IMW is entitled to recover treble damages and attorneys' fees.

## COUNT II
### Federal Trademark Counterfeiting Under Sections 32(1) and 35 of the Lanham Act

56.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully restated herein.

57.     Defendants' infringement arises out of Defendants' use of counterfeit marks identical with, or substantially indistinguishable from, IMW's federally registered GRISHKO® marks. 15 U.S.C. § 1127.

58.     As the result of Defendants' willful sale of counterfeit goods, IMW is entitled to recover three times the amount of Defendants' profits or Plaintiff's damages, whichever amount is greater, together with reasonable attorney's fees. 15 U.S.C. § 1117(b).

59.     As the result of Defendants' willful sale of counterfeit goods, IMW may elect, at any time before final judgement is rendered, to recover instead of actual damages and profits an award of statutory damages in the amount of up to $2,000,000 per counterfeit mark per type of goods sold or offered for sale. 15 U.S.C. § 1117(c).

## COUNT III
### Cyberpiracy Under Section 43(d)(1) of the Lanham Act

60.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully restated herein.

61.     On information and belief Defendants, or an authorized licensee of Defendants, registered the domain name https://grishkoshop.com/ to facilitate its online sales of goods bearing the GRISHKO mark to customers in the United States.

62.     The https://grishkoshop.com/ domain name wholly incorporates the term "GRISHKO" which is identical to IMW's federally registered GRISHKO® Marks.  The entire domain name is confusingly similar to IMW's federally registered GRISHKO® Marks.

63.     Defendants registered the https://grishkoshop.com/ domain name with a bad faith intent to profit from the mark by illegally entering the United States market in direct violation of its agreement with IMW and IMW's exclusive and incontestable trademark rights.

64.     As the result of Defendants' bad faith registration of the https://grishkoshop.com/ domain name, IMW may elect, at any time before final judgement is rendered, to recover instead of actual damages and profits an award of statutory damages in the amount of up to $100,000 per domain name. 15 U.S.C. § 1117(d).

## COUNT IV
### Unfair Competition and False Designation of Origin Under Section 43(a) of the Lanham Act

65.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully restated herein.

66.     Defendants' unauthorized use of IMW's GRISHKO trademarks, including but not limited to IMW'S GRISHKO® Marks, constitutes unfair competition and false designation of origin because said use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with IMW, or as to the origin, sponsorship, or approval of Defendants' commercial activities, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants' unauthorized use of IMW's trademarks, including but not limited to IMW'S GRISHKO® Marks, is willful.

68.     As a result of Defendants' willful and wrongful conduct, IMW has suffered and continues to suffer substantial loss.  IMW is therefore entitled to recover damages, including any and all profits obtained by Defendants as a result of their infringement of IMW's rights.

69.     Defendants' willful acts alleged herein have irreparably injured IMW's business, reputation, and goodwill, and will continue to do so unless and until they are permanently enjoined. IMW has no adequate remedy at law.  Therefore, IMW is entitled to injunctive relief.

70.     As a result of Defendants' intentional misconduct, this action should be deemed an exceptional case such that IMW is entitled to recover treble damages and attorneys' fees.

## COUNT V
### Common Law Trademark Infringement

71.     The allegations of paragraphs 1 through 47 are incorporated herein by reference as though fully set forth herein.

72.     This cause of action arises under the common law of the various states, including the Commonwealth of Pennsylvania.

73.     Defendants' conduct, in adopting and using a mark and trade name confusingly similar to (and in fact, identical to) IMW's GRISHKO trademarks, including but not limited to IMW'S GRISHKO® Marks, has infringed and is infringing upon plaintiffs' trademark rights.

74.     Defendants' conduct constitutes common law trademark and trade name infringement.

75.     As a result of said infringement, IMW has suffered and will continue to suffer substantial injury, including irreparable injury, for which it has no adequate remedy at law.

## COUNT VI
### Unfair Competition

76.     The allegations of paragraphs 1 through 47 are incorporated herein by reference as though fully set forth herein.

77.     This cause of action arises under the common law of the various states, including the Commonwealth of Pennsylvania.

78.     Defendants' conduct constitutes unfair competition.

79.     By means and as a result of said unfair competition, IMW has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

### COUNT VII
### Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Act

80.     The allegations of paragraphs 1 through 46 are incorporated herein by reference.

81.     By the acts and activities complained of herein, Defendants have committed unfair or deceptive acts or practices in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, codified at 73 P.S. § 201-1 *et seq.*

82.     As a result of Defendants' unfair or deceptive acts or practices, IMW has suffered and continue to suffer, irreparable injury.

83.     Defendants' unfair or deceptive acts or practices complained of herein are likely to continue unabated unless and until Defendants are enjoined and restrained by this Court.

### PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff IMW prays for relief against Defendants OOO Grichko, Grishko Dance and Nicolai Grishko as follows:

1.      That Defendants, their partners, agents, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined first preliminarily during the pendency of this action and thereafter permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

    a.      directly or indirectly infringing IMW'S GRISHKO® Marks;

    b.      passing off, inducing or enabling others to sell or pass off any merchandise
            or service as or for merchandise or services rendered by Plaintiff, which is

not Plaintiff's or are not rendered by or under the control or supervision of Plaintiff and approved by Plaintiff;

c.      directly or indirectly engaging in any acts or activities calculated to trade upon and/or tarnish IMW'S GRISHKO® Marks or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

d.      using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its merchandise or services IMW'S GRISHKO® Marks, or any mark or trade name that includes GRISHKO or which simulates or imitates or is confusingly similar to IMW'S GRISHKO® Marks so as to deceive, or to falsely describe or represent the source of the services or otherwise create confusion upon the purchasing public or the trade;

e.      further diluting and violating Plaintiff's property rights and goodwill; and

f.      otherwise competing unfairly with Plaintiff in any manner whatsoever;

provided that none of the foregoing shall preclude any valid sale of goods from Defendants to Plaintiff.

2.      That Defendants be required to deliver up to Plaintiff for destruction at Defendants' expense, all packaging, labels, signs, promotional materials, advertisements, and other communications to the public in the possession or under their control bearing thereon any material or representations that are or may be false or misleading concerning the source or origin of the products and services offered by Defendants, to the extent that such packaging, labels, signs, promotional materials, advertisements and other communications to the public are used in connection with sales or offers for sale of goods bearing IMW'S GRISHKO® Marks in the United States (other than sales or offers for sale to Plaintiff).

3.      That Defendants cause the transfer of the grishkoshop.com domain name to IMW;

4.      That Defendants take all necessary and appropriate steps in connection with sales or offers for sale of goods bearing IMW'S GRISHKO® Marks in the United States (other than sales or offers for sale to Plaintiff) to recall for destruction all merchandise, advertising and other materials, including but not limited to labels, packaging and advertisements, bearing any of IMW'S GRISHKO® Marks from their websites, including but not limited to grishkoshop.com, stores, suppliers, distributors, jobbers, wholesalers or other customers, and to remove IMW's GRISHKO® Marks from their promotional materials, advertisements and other writings.

5.      That Plaintiff be awarded its reasonable attorney's fees and the cost of this action.

6.      That Plaintiff be recognized as the lawful exclusive rights owner of IMW's GRISHKO® Marks in the United States.

7.      That Plaintiff have such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable.

Dated: December 3, 2018

Daniel E. Brewer
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-3370 office
(215) 988-2757 fax
Daniel.Brewer@dbr.com

Brian A. Coleman (pro hac vice to be filed)
DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Ste. 1100
Washington, D.C. 20005-1209
Telephone:  (202) 842-8800
Fax:  (202)842-8465
brian.coleman@dbr.com

*Counsel for Plaintiff*

24