## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **I.M. WILSON, INC.,** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **OTVETSTVENNOSTYOU "GRICHKO":** | : | |
| *et al.,* | : | **NO. 18-5194** |
| *Defendants.* | : | |

## M E M O R A N D U M

PRATTER, J.                                                                                  DECEMBER 10, 2018

This case has all the makings of an intricate ballet: alleged nefarious behavior, foreign intrigue, and the Federal Rules of Civil Procedure. I.M. Wilson, Inc. contends that the defendants in this case are infringing on its use of the GRISHKO trademark by selling GRISHKO branded ballet shoes in the United States. But before the Court can address the underlying trademark infringement claims, the plaintiff seeks leave for alternative service on the foreign defendants under Rule 4(f)(3) of the Federal Rules of Civil Procedure. Because I.M. Wilson has demonstrated that alternative service through the defendants' U.S. counsel is appropriate in this matter, the Court grants the motion.

### BACKGROUND

I.M. Wilson, Inc. brings this trademark infringement lawsuit against Defendants Grishko Dance, S.R.O., Nicolai Grishko, and Obchtchestvo S Ogranitchennoy Otvetstevennostyou "Grichko" ("OOO Grichko"). I.M. Wilson is a Pennsylvania corporation that sells a variety of dancewear products, including pointe shoes. In the late-1980s, I.M. Wilson entered into an agreement with Mr. Grishko to develop and sell a brand of pointe shoes in the United States. I.M. Wilson developed the plans and marketed the brand while Mr. Grishko, through his

1

company Grishko, Inc., developed the shoes themselves. I.M. Wilson allegedly owns the GRISHKO brand in the United States. OOO Grichko sells GRISHKO products throughout the world through third parties and owns territorial rights in the GRISHKO mark in some countries other than the United States. OOO Grichko is a Russian limited liability company with a principal business address in Moscow. Grishko Dance is a limited liability company organized under the laws of the Czech Republic with an address in Prague. And Nicolai Grishko is the principal owner and operator of OOO Grichko and Grishko Dance. Mr. Grishko has a business address in Moscow.

Almost 30 years after the parties began their business relationship, I.M. Wilson contends that the defendants are infringing on the GRISHKO trademark by selling GRISHKO branded products to U.S. customers through Internet sales and distributors in Canada. To pursue this claim, I.M. Wilson seeks, pursuant to Fed. R. Civ. P. 4(f)(3), to serve the defendants with a copy of the summons and the complaint via the Russian defendants' U.S. attorney, Brian Kinder.

## LEGAL STANDARD

Service of an individual in a foreign country is governed by Rule 4(f) of the Federal Rules of Civil Procedure. And, when "service is being attempted on a foreign corporation, partnership, or association, Rule 4(h) provides that service may be completed in any manner prescribed by Rule 4(f), except for personal delivery" under Rule(4)(f)(2)(C)(i). *Graphic Styles/ Styles Int'l LLC v. Vinnie's Int'l Hong Kong Custom Tailors*, No. 17–02713, 2018 WL 558457, at *1 (E.D. Pa. Jan. 25, 2018); *see also* Fed. R. Civ. P. 4(h)(2).

Under Rule 4(f)(1), a plaintiff may serve an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial documents." "If there is not internationally agreed means, or if an international agreement

allows but does not specify other means" a plaintiff may serve a defendant "by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). This can include such methods as those "prescribed by the foreign country's law for service in an action in its courts of general jurisdiction" or methods that "the foreign authority directs in response to a letter rogatory or letter of request." Fed. R. Civ. P. 4(f)(2)(A)–(B). Or, "unless prohibited by the foreign country's law," a plaintiff can serve a foreign defendant by "delivering a copy of the summons and the complaint to the individual personally" or "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C).

A plaintiff may also use "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see also Braverman Kaskey, P.C. v. Toidze*, No. 09–3470, 2013 WL 6095679, at *4 (E.D. Pa. Nov. 19, 2013), *aff'd*, 599 F. App'x 448 (3d Cir. 2015). The Advisory Committee Notes on the 1993 Amendments to Rule 4(f) further state that "Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances."

"Service pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief. . . . It is merely one means among several which enables service of process on an international defendant.'" *Knit With v. Knitting Fever, Inc.*, No. 08–4221, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010) (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Rule 4(f)(3)'s only limitations are that the Court must direct the service and such service must not be prohibited by international law. *Id.*; *see also Graphic Styles*, 2018 WL 558457, at *2.

"The decision of whether to allow alternative service of process under this Rule is committed to the sound discretion of the district court" and the district court may, but need not, require the parties to show that they have attempted service and still require court intervention. *Knit With*, 2010 WL 4977944, at *3; *Arista Records, LLC v. Media Services, LLC.*, No. 06–15319 2008 WL 563470, at *2 (S.D.N.Y. Feb 25, 2008) ("Because there is no reason to believe that service would be effective if plaintiffs were required to serve [the defendants] in accordance with the Hague Service Convention procedures, substituted service pursuant to Rule 4(f)(3) is appropriate.").

"Once a court is convinced that its intervention is necessary and alternate service is appropriate, the court must ascertain a method of service that will comport with constitutional notions of due process." *Knit With*, 2010 WL 4977944, at *4. The Supreme Court of the United States has stated that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States,* 517 U.S. 654, 672 (1996). Trial "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props.,* 284 F.3d at 1016; *see also Knit With*, 2010 WL 4977944, at *4. "Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation." *Knit With*, 2010 WL 4977944, at *3 (collecting cases).

### DISCUSSION

In this case, I.M. Wilson seeks to serve the defendants via the Russian defendants' U.S. attorney under Fed. R. Civ. P. 4(f)(3).

Both the United States and the Russian Federation are signatories to the Hague Convention; however, "Russia unilaterally suspended all judicial cooperation with the United

States in civil and commercial matters" in 2003.  U.S. Dep't of State, Russia Judicial Assistance, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited Dec. 6, 2018).  And, although "the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via diplomatic channels, in the Department's experience, all such requests are returned unexecuted.  Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted."  *Id.*; *see also Arista*, 2008 WL 563470, at *2; *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, No. 13–458, 2013 WL 1644808, at *1 (W.D. Pa. Apr. 16, 2013).  In light of this, I.M. Wilson suggests that the best way to serve the Russian defendants is through their U.S. counsel.

I.M. Wilson expresses fear that service on Czech Defendant Grishko Dance will take too long, even though the Czech Republic is also a signatory to the Hague Convention.  U.S. Dep't of State, Czech Republic Judicial Assistance, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/CzechRepublic.html.  I.M. Wilson expects that it will take two to four months to execute service on Grishko Dance.  *See* Hague Conference on Private International Law, Czech Republic – Central Authority & practical information, Hague Service Convention, available at https://www.hcch.net/en/states/authorities/details3/?aid=249 (last visited December 6, 2018); *see also Richmond Technologies, Inc. v. Aumtech Business Solutions*, No. 11–2460, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (permitting service on Indian defendants through their U.S. counsel when service in India could take in excess of six months).  Given that I.M. Wilson recently filed a motion for a preliminary injunction, the plaintiff argues that serving the Russian defendants' attorney, Mr. Kinder, in the United States will expedite the process and curtail I.M. Wilson's suffering of further harm.

The Court finds that alternative service via the Russian defendants' U.S. attorney, Mr. Kinder, is appropriate in this case. As far as the Court is aware, service through American counsel is not prohibited by Russian law or international agreement nor is it barred by any laws of the Czech Republic. In fact, I.M. Wilson has cited to case law in support of its motion that is directly on point. *See RSM Production Corp. v. Fridman*, No. 06–11512, 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (permitting service on a resident of the Russian Federation through his American counsel); *Calista Enterprises, Ltd. v. Tenza Trading, Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014) (allowing service on a defendant's domestic attorneys for a defendant residing in the Czech Republic because the Czech Republic has objected to service by mail under the Hague Convention).

Additionally, service through U.S. counsel is reasonably calculated to notify OOO Grichko and Mr. Grishko—and, by extension, Grishko Dance—of this litigation. Reportedly, Mr. Kinder is actively representing OOO Grichko and Mr. Grishko in a number of opposition and cancellation proceedings before the Trademark Trial and Appeal Board involving the same trademarks at issue in this case. I.M. Wilson has communicated with Mr. Kinder concerning these actions and therefore has the correct contact information for him. Mr. Kinder can reasonably inform the defendants about this litigation given his ongoing professional relationship with and duties to the defendants. *Fridman*, No. 06–11512, 2007 WL 2295907, at *6 (stating that service on the defendant's U.S. counsel was appropriate because of the counsel's well-established relationship with the defendant).

Service on Mr. Kinder is also appropriate for Grishko Dance because such service is reasonably calculated to provide notice of this litigation to the company. Mr. Grishko is the sole director and board member of Grishko Dance and, as previously stated, Mr. Kinder already

represents Mr. Grishko in U.S. litigation. And, given the outstanding motion for preliminary injunction and expedited nature of the proceedings, it is imperative that the defendants are served with some relative urgency to best represent themselves and their interests.

CONCLUSION

For the reasons set out in this Memorandum, the Court grants Plaintiff's motion for alternative service. Plaintiff I.M. Wilson, Inc. is authorized to serve process on Defendants Obchtchestvo S Ogranitchennoy Otvetstevennostyou "Grichko", Nicolai Grishko, and Grishko Dance, S.R.O. by serving Defendants' U.S. counsel, Brian Kinder, with the Summons and the Complaint at his business address in accordance with the guidelines set forth in Fed. R. Civ. P. 4(c).[1] An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that I.M. Wilson, Inc. has proposed service upon Mr. Kinder by "e-mail." Lest such a ubiquitous means of communication fall prey to a "spam" filter, or worse, service shall be with hard copy material.