IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.M. WILSON, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> OBCHTCHESTVO S OGRANITCHENNOY OTVETSTVENNOSTYOU "GRICHKO", et al., <br><br> Defendants/Counterclaim-Plaintiffs <br><br> v. <br><br> I.M. WILSON, INC.; IRENE WILSON; LEONARD P. GAGE; JUSTIN WILSON; and CHRISTINE WILSON, <br><br> Counterclaim-Defendants. | CIVIL ACTION NO. 2:18-cv-05194 <br><br> JURY TRIAL DEMANDED |

## COUNTERCLAIMANTS' OPPOSITION TO THE INDIVIDUAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM

Counterclaim-Plaintiffs Grishko Ltd. and Nikolay Grishko (collectively "Defendants" or "Grishko"), by and through their undersigned counsel, hereby oppose Counterclaim Defendants Irene Wilson, Leonard P. Gage, Justin Wilson and Christine Wilson's (collectively "Individual Counterclaim Defendants") Motion to Dismiss Second Amended Counterclaim (Dkt. 119) dated Nov. 27, 2019 ("the Motion").

### I.   INTRODUCTION.

The Individual Counterclaim Defendants attempt to heighten the pleading standard to an inapplicable level reserved for fraud claims. While Grishko does assert fraud as an affirmative defense, the Individual Counterclaim Defendants do not seek to strike those allegations because they know that they are properly plead. Indeed, the Trademark Trial And Appeal Board already ruled as much in the (now suspended) inter partes proceedings that

1

preceded IMW's filing of this lawsuit. *See* 12/14/2017 TTAB Order[1] ("Petitioner has adequately pleaded fraud….").

Instead, the Individual Counterclaim Defendants attack claims that do not involve fraud, but improperly seek to impose a heightened pleading standard because they are individuals as opposed to corporate entities.  However, the courts have steadfastly held -- even post *Twombly/Iqbal* -- that tort claims such as those alleged herein do not require a heightened pleading and those requirements do not differ as between individuals and corporate entities.  Indeed, courts have cautioned that *Twombly/Iqbal* did not change the notice pleading standard at all, as the Individual Counterclaim Defendants asks the Court to do in its motion.

Regardless, Grishko is not required to prove its case now. Whether these particular defendants acted together in committing the wrongs alleged in the counterclaim as Grishko alleges, or whether they were united in causing injuries – these are question of fact not properly decided in a motion to dismiss. The SAC makes clear that these Individual Counterclaim Defendants were not merely passive employees of a business, but displayed active conscious involvement in a family owned business.  If the Individual Counterclaim Defendants seek to raise questions about their specific involvement, they can argue those details at trial.  In short, the question at this stage is whether Grishko has adequately pled the claims it asserts against these Individual Counterclaim Defendants and whether the Individual Counterclaim Defendants have sufficient notice of the allegations and claims that Grishko asserts against them. The answer to both questions is "yes" and the Individual Counterclaim Defendants' motion to dismiss should be denied.

At this stage of the pleadings, the Court must accept Grishko's allegations as true. It doesn't matter how many times a particular defendant is mentioned – what matters is the substance of the allegations against the Individual Counterclaim Defendants.  Here, Grishko

---

[1] http://ttabvue.uspto.gov/ttabvue/v?pno=92064185&pty=CAN&eno=25

has alleged a family run business with mother, father, daughter and son all working in active participation with one another to harm their former exclusive licensor and supplier. All of the "arguments" by the Individual Counterclaim Defendants to the contrary are just that…arguments. A motion to dismiss is not the proper mechanism for the Individual Counterclaim Defendants to assert such "arguments." Accordingly, the Motion should be denied on that basis.

## II.     LEGAL STANDARD

Under Rule 12(b)(6), it is the counterclaim-defendant who bears the burden of demonstrating that the counterclaimant has not stated a claim upon which relief can be granted. *See* Fed. R. Civ. P.12(b)(6); *see also Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). The Federal Rules of Civil Procedure generally require only that a counterclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint need only provide notice to defendant; (2) complaint need only allege facts suggestive of the proscribed conduct; and (3) the complaint's 'factual allegations need only be "enough to raise a right to relief above the speculative level."' (Quoting *Twombly*, 550 U.S. at 555)). Thus, Rule 12(b)(6) is read in conjunction with Rule 8(a). In order for a counterclaim to survive a 12(b)(6) motion, it need only state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In evaluating a Rule 12(b)(6) motion, the court engages in a two-step analysis. First, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3d Cir. 2006). Then the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinkerton v. Roche Holdings Ltd*., 292 F.3d 361, 374 n.7 (3d Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. 662, 678-679.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id*.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case. *First Amer. Mktg. Corp. v. Canella*, 2004 U.S. Dist. Lexis 2251 * 5 (E.D. Pa. 2004). A court should not dismiss a case for failure to state a claim unless the counterclaimant can prove no set of facts in support of the claim that would entitle it to relief. *Id*.  Indeed, a complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, "no relief could be granted under any set of facts consistent with the allegations." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A plaintiff is not required by the Federal Rules of Civil procedure to "set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court does not look to whether the plaintiff will "ultimately prevail," but only whether the plaintiff should be allowed to offer evidence in support of its claims. Fed. R. Civ. P. 8(a)(2).

### III. THE SECOND AMENDED COUNTERCLAIM ADEQUATELY PLEADS CAUSES OF ACTION AGAINST THE INDIVIDUAL COUNTERCLAIM DEFENDANTS.

The Individual Counterclaim Defendants preface the Argument section of their Motion with a citation to legal authority relating to piercing of the corporate veil. *See* Motion, p. 9 (Citing *Madonna v. Francisco*, 2014 WL 981568, at *4–5 (E.D. Pa. Mar. 13, 2014) (Pratter, J.)). However, this is not a case involving piercing the corporate veil; instead, the defendants may be held jointly responsible for infringement based upon allegations that they "act[ed] together in committing the wrong" or where their separate acts "unite[d] in causing a single injury." *Allen Organ Co. v. Galanti Organ Builders Inc.*, 798 F. Supp. 1162,

1171 (E.D. Pa. 1992), *aff'd*,995 F.2d 215 (3d Cir. 1993). The Lanham Act "does not limit liability to the direct infringer, that is, the person who actually mislabels the goods or product with the mark belonging to another. The Supreme Court has determined that the Lanham Act also allows for secondary liability[.]" *Transdermal Products, Inc. v. Performance Contract Packaging, Inc.*, 943 F. Supp. 551, 552-53 (E.D. Pa. 1996).

Numerous courts have applied contributory liability to individual defendants who - like the Individual Counterclaim Defendants here - promote and facilitate the infringement of a mark even where their involvement in the sale of the product or service was indirect. *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264-65 (9th Cir. 1996) (finding that owner of "swap meet" at which infringing goods were exchanged could be liable for contributory infringement); *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1148-49 (7th Cir. 1992) (finding that flea market landlord could be contributorily liable where shown to be willfully blind regarding infringing acts of vendors); *Bauer Lamp Co., Inc. v. Shaffer*, 941 F.2d 1165, 1171 (11th Cir. 1991) (finding sales representatives engaged in promotion and coordination of infringing activity liable for contributory infringement as well as joint and several responsibility). The facts here go far beyond a distant owner of a swap meet or a flea market landlord; instead, this is a family run business with each of the Individual Counterclaim Defendants being employees, board members, etc. and all actively involved in sales, promotion and the everyday operations and decisions.

Liability for contributory infringement lies where the defendant had an "active conscious involvement in an activity which is the infringing activity[.]" *Procter & Gamble Co. v. Quality King Distributors, Inc.*, 123 F.Supp.2d 108, 117 (E.D.N.Y. 2000) (finding individual officer of corporate infringer liable for infringing acts). Liability specifically extends to individuals who are instrumental in perpetrating the infringing use of the marks at issue. *See Choice Hotels Int'l, Inc. v. Pennave Assoc.*, 159 F.Supp.2d 780, 785 (E.D. Pa.

5

2001), *aff'd*, 43 Fed. Appx. 517 (3d Cir. 2002) (*citing Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 605-606 (3d Cir. 1978)).

The SAC makes clear that each of the Individual Counterclaim Defendants provided substantial assistance in the organization and operation of the infringing conduct. Indeed, "[s]ubstantial assistance is shown if the defendants encouraged the actual infringement [or] assisted in the preparation of the alleged infringement," as is the case with each of the Individual Counterclaim Defendants here. *Basketball Mktg. Co. v. FX Dig. Media, No.*, 04-1733, 2006 U.S. Dist. LEXIS 9688, at *18 (E.D. Pa. Mar. 10, 2006). Each of the Individual Counterclaim Defendants should be held liable for infringement because each "participated directly in infringing activities" and was a "moving active conscious force" behind the violations of the Lanham Act. *PGC Prop., L.L.C. v. Wainscott/Sagaponack Prop. Owners, Inc.*, 250 F. Supp. 2d 136, 144 (E.D.N.Y. 2003). Each of the Individual Counterclaim Defendants is jointly responsible where, as here, they "act together in committing the wrong" or where their separate acts "unite in causing a single injury." Basketball Mktg. Co., 2006 U.S. Dist. LEXIS at *17-18 (*Citing Allen Organ Co. v. Galanti Organ Builders Inc.*, 798 F. Supp. 1162, 1171 (E.D. Pa. 1992), *aff'd*, 995 F.2d 215 (3d Cir. 1993)).

Moreover, "[a] corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). "[T]he joint tortfeasor principles for corporate officers established by the Third Circuit in *Donsco, Inc.*, 587 F.2d at 606, appears to be clearly applicable to Lanham Act claims." *Max Daetwyler Corp. v. Input Graphics, Inc.*, 541 F. Supp. 115, 116-17 (E.D. Pa. 1982); *see also Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 U.S. Dist. LEXIS 134886, at *121 (E.D. Pa. Sep. 19, 2012) ("Since Plaintiff's Amended Complaint asserts that Powell was, to a large extent, personally involved in the widespread campaign of false advertising, he may be named as a defendant in the Lanham Act claim").

A corporate officer is also individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort. *Ushodaya Enters. v. V.R.S. Int'l, Inc.*, 63 F. Supp. 2d 329, 341-42 (S.D.N.Y. 1999) (*Citing Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978)). "Where a person, by means of a corporation that he controls, fraudulently procures a trademark registration and thereby injures another corporation, that person is liable for the damages." *Id.* (*Citing Academy Award Products, Inc. v. Bulova Watch Co., Inc.*, 129 F. Supp. 780, 784 (S.D.N.Y. 1955) (Finding individual defendant liability where, as here, individual "made the decisions relating to the trademark applications, including the decision to continue to pursue the first application after the PTO sought additional information about [company's] relationship with the manufacturer.")).

Under the above applicable authority, it is clear that the Individual Counterclaim Defendants may be found personally liable for their involvement in the campaign to damage IMW's former exclusive licensor and supplier of their family-run business. Accordingly, the Individual Counterclaim Defendants fail to meet their burden under Rule 12(b)(6) and Grishko has adequately plead facts sufficient to put the Individual Counterclaim Defendants on notice and state claims of trademark and trade dress infringement.

## IV. THE COURT SHOULD GRANT LEAVE TO AMEND.

To the extent the Court were inclined to grant the Motion, in whole or in part, Grishko requests the Court grant leave to amend. It is well established that leave to amend should be "freely given" when justice so requires. *Fed. R. Civ. Proc. 15(a); United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (Stating that the standard for granting leave to amend is "generous"). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "If a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative

amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Further, leave to amend should be granted even where, unlike here, there have been two prior attempts to amend. *See Madonna v. Francisco*, No. 13-807, 2014 U.S. Dist. LEXIS 32523, at *8 (E.D. Pa. Mar. 13, 2014) (Pratter, J.) (Granting, in part, motion to dismiss Second Amended Complaint and granting leave to amend).

In light of the foregoing, if the Court finds certain grounds exist to grant all or any portion of the Motion, the Court should grant the Motion and afford Grishko leave to amend the counterclaims. Grishko's first request for leave to amend was not substantive and related to correcting the name of an Individual Counterclaim Defendant and nothing more. Grishko's second amended counterclaim was entered voluntarily in an effort to avoid burdening the Court. In that respect, the SAC is in reality the first counterclaim to be evaluated by the Court on a Motion to Dismiss. Thus, to the extent the Court grants the Motion, in whole or in part, Counterclaimants respectfully request leave to amend.

## V. CONCLUSION.

The allegations of the Counterclaim are factually specific and provide a detailed description of the facts and circumstances supporting each cause of action. To the extent that the Court would grant IMW's motion, in whole or in part, Grishko respectfully requests that they be granted an opportunity to amend the Counterclaim and allege further facts in support of the claims and address the allegations raised in this motion.

Respectfully submitted,

Dated: December 20, 2019    By:   **/s/ Robert A. McKinley**
Robert A. McKinley
LAULETTA BIRNBAUM, LLC
591 Mantua Blvd., Suite 200
Sewell, NJ  08080
(856) 232-1600 (Office)
(856) 232-1601 (Fax)
rmckinley@lauletta.com

        Brian P. Kinder (*pro hac vice*)
        THE KINDER LAW GROUP, APC
        19200 Von Karman, Fourth Floor
        Irvine, CA  92612
        (949) 216-3070 (Office)
        (949) 216-3074 (Fax))
        bkinder@tklglaw.com

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that Counterclaimants' Opposition To The Individual Counterclaim Defendants' Motion To Dismiss Second Amended Counterclaim has been electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania, that thereby served on all counsel of record through the Court's ECF system on December 20, 2019.

I further certify that a courtesy copy of Counterclaimants' Opposition To The Individual Counterclaim Defendants' Motion To Dismiss Second Amended Counterclaim has been mailed to the Chambers of the Hon. Gene E.K. Pratter, Room 10613, United States Courthouse, 601 Market St., Philadelphia PA 19106.

By: /s/ Robert A. McKinley
Robert A. McKinley
Attorney For Defendants/Counterclaim-Plaintiffs
LAULETTA BIRNBAUM, LLC
591 Mantua Blvd., Suite 200
Sewell, NJ 08080
(856) 232-1600 (Office)
(856) 232-1601 (Fax)
rmckinley@lauletta.com